UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PHYLLIS YACOS,

        Plaintiff,            CIVIL ACTION NO. 04-CV-72074-DT

                                 DISTRICT JUDGE VICTORIA A. ROBERTS

                                 MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

FILED 2004 OCT 26 P 2:51

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant could return to her past relevant work.

                            *   *   *

Plaintiff filed an application for Social Security disability insurance benefits on August 1, 2002, alleging that she had been disabled and unable to work on July 30, 2002, at age 57, due to severe back pain. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on December 4, 2003, before

Administrative Law Judge (ALJ) Michael Wilenkin. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the residual functional capacity to perform sedentary work, including her past relevant work as a collections telemarketer. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed cross Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 57 years old at the time of the administrative hearing. She had an eleventh grade education, and had been employed during the relevant past as a general laborer and telemarketer (TR 217, 219, 239). As a telemarketer for an international magazine service in the collections department, she sat for most of the workday and rarely had to do any heavy lifting (TR 219). Plaintiff maintained that she was disabled due to severe pain in her back radiating down her legs (TR 218, 220-222). The back pain prevented her from sitting, standing or walking for prolonged periods (TR 224-225). While medications and physical therapy provided some relief, the claimant estimated that she could not sit or remain on her feet for longer than 15 minutes (TR 234).

Plaintiff explained that she needed to lie down several times a day to help alleviate her pain (TR 238-239). As a result of her chronic back pain, the claimant needed assistance to do most household chores (TR 232-233).

A Vocational Expert, Elaine Trippi, classified Plaintiff's telemarketing and collections work as sedentary, semi-skilled activity (TR 239). The witness testified that there would be no jobs that Plaintiff could perform if she needed to frequently lie down during the day (TR 240). If the claimant were capable of sedentary work, she could return to her telemarketer collections job, provided she was not required to perform any repetitive stooping, squatting, kneeling, bending, twisting, climbing or prolonged walking (TR 241-242).

<u>LAW JUDGE'S DETERMINATION</u>

The Law Judge found that Plaintiff was impaired as a result of lumbar disc disease with radiculopathy, but that this condition was not severe enough to meet the Listing of Impairments. The ALJ recognized that the chronic nature of her back pain precluded the claimant from performing jobs requiring prolonged walking or standing. Nevertheless, the Law Judge found Plaintiff

...
...
...

not disabled because she could return to her past sedentary work as an collections telemarketer.

APPLICABLE LAW AND STANDARD OF REVIEW

The claimant has the burden of proving that she is disabled within the meaning of the Social Security Act. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990). Proof of an impairment alone is insufficient, and plaintiff must establish that the impairment precludes any substantial gainful activity. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366-67 (6th Cir. 1984). To ensure the proper evaluation of disability claims, the Commissioner promulgated a five step sequential evaluation process, briefly summarized as follows:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.
>
> Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.

>Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.
>
>Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§404.1520; 20 C.F.R. 416.920. <u>Garcia v. Secretary of HHS</u>, 46 F.3d 552, 554 n.2 (6th Cir. 1995). <u>See Preslar v. Secretary of HHS</u>, 14 F.3d 1107, 1110 (6th Cir. 1994). Throughout the evaluation process, the burden of proof remains on the claimant to show that she is not working, that she has a severe impairment or combination of impairments, and that the impairment prevents her from performing past relevant work. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47 (1987). "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." <u>Preslar</u>, 14 F.3d at 1110. "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy." <u>Id</u>.

If the Commissioner dispositively finds that the claimant is disabled or not disabled at any point in the five step process, she does not proceed further. The Commissioner's findings, if supported by substantial evidence, are conclusive. 42 U.S.C.

§405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). In evaluating the evidence, special deference is due the Commissioner's credibility determinations. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 928 (6th Cir. 1987); Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir. 1978) (citations omitted). The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 108 (6th Cir. 1989).

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity to perform sedentary work, including her past relevant work as a collections telemarketer. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling back pain.

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits. 20 C.F.R. § 404.1529(a) (2002); Sizemore v. Secretary of HHS, 865

6

F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling, if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical, or laboratory findings. Hurst v. Secretary of HHS, 753 F.2d 517, 519 (6th Cir. 1985). A claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or other symptoms, or establishing that her medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling symptoms. Duncan v. Secretary of HHS, 801 F.2d 847, 853 (6th Cir. 1986). In applying this standard, a reviewing court should show deference to the decision of the ALJ in assessing credibility. Gooch v. Secretary of HHS, 833 F.2d 589, 592 (6th Cir. 1987), cert denied, 484 U.S. 1027 (1988).

The medical record contained no objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to her alleged back pain.[1] The record disclosed that Plaintiff was diagnosed with a herniated lumbar disc in July 2001, but that epidural blocks relieved 95 percent of her pain symptoms (TR 140). By August 2001, the claimant was able to return to her past medium

---

[1] The record also disclosed that Plaintiff sought treatment for depression (TR 118-119), but she does not claim that she was unable to perform the mental and emotional demands of her past work.

7

level work as a general laborer without restriction (TR 140). Plaintiff required additional epidural blocks and physical therapy in June 2002 (TR 136-137). However, her treating physician, Dr. Young Seo, described her as doing "very well", with only moderate lumbar spine tenderness, following a June 2003 examination (TR 193). While Plaintiff eventually stopped working in August 2003, when she sought psychiatric treatment for depression related to recent family deaths and working 60 hour weeks (TR 118-119, 158), the Law Judge reasonably concluded that her inability to work as a production laborer did not establish that she was unable to perform her less demanding past work as a collections telemarketer.

Plaintiff relies heavily upon the fact that Dr. Seo described her as totally disabled on form reports sent to her former employer (TR 133, 142, 152, 188-190, 194-198, 202, 205). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr.

Seo offered little objective evidence to support his conclusion of disability[2], his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to

---

[2]The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so (TR 17). As noted by the Law Judge, Dr. Seo's form report was unaccompanied by any objective findings supporting his disability conclusion. Moreover, a review of his treatment record shows he documented few objective test results. Indeed, it appears the doctor was merely informing the claimant's former plastics company employer that she was totally incapacitated with respect to performing her past medium work. Dr. Seo did not suggest that she was unable to perform a seated job requiring little, if any, lifting.

9

consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert. Orick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied benefits if she remains capable of returning to her former *type* of work even if she cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The Vocational Expert here testified that Plaintiff could return to her past sedentary job as a collections telemarketer, provided she was not required to perform any repetitive stooping, squatting, kneeling, bending, twisting, climbing or prolonged walking (TR 241-242).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial

evidence on the record that claimant could return to her past relevant work.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

*Donald G. Scheer*
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: 10/26/04
cc:   Honorable Victoria Roberts
      Kenneth Laritz
      Geneva S. Halliday

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYLLIS YACOS,

       Plaintiff,          CIVIL ACTION NO. 04-72074

v.                          DISTRICT JUDGE VICTORIA A. ROBERTS

COMMISSIONER OF SOCIAL     MAGISTRATE JUDGE DONALD A. SCHEER
SECURITY,

       Defendant.
_____/

PROOF OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Report and Recommendation was served upon the attorneys of record or parties appearing in pro per in the above cause by mailing the same to them at their respective address with postage fully prepaid thereon, on this 26th day of October, 2004.

    Kenneth F. Laritz
    15501 Metropolitan Parkway
    Suite 100
    Clinton Twp., MI 48036-1684

    Geneva S. Halliday
    Assistant U.S. Attorney
    211 W. Fort Street
    Suite 2001
    Detroit, MI 48226

                                                       /s/ Terri L. Hackman
                                                Terri L. Hackman, Secretary to
                                                Magistrate Judge Donald A. Scheer