UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHYLLIS J. YACOS,

    Plaintiff,

vs                                               Case No: 04-72074
                                                        Honorable Victoria A. Roberts

COMMISSIONER OF SOCIALS SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

**I.  INTRODUCTION**

This matter is before the Court on the parties' cross motions for summary judgment. The Magistrate Judge recommends that the Court grant the Defendant's motion and deny Plaintiff's motion. This Court **ADOPTS** the Magistrate's recommendation.

**II.  PROCEDURAL HISTORY AND FACTS**

Magistrate Scheer adequately summarizes the relevant facts and procedural history and it is incorporated herein by reference.

**III.  STANDARD OF REVIEW**

In the Social Security context, the district court reviews the decision of the Commissioner for a determination of whether the decision exceeds statutory authority or is arbitrary and capricious. *Sullivan v. Zebley,* 493 U.S. 521 (1990); *Bowen v. Yuckert,*

482 U.S. 137, 145 (1987).  This Court must review the ALJ's decision to determine whether it is supported by "substantial evidence."  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).  This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed.  *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).  In other words, if the Commissioner's determination is supported by substantial evidence, it must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id.*

**IV.    ARGUMENTS**

There are five factors that the Social Security Administration uses to determine eligibility for benefits.  Plaintiff has the burden on the first four and must establish that: 1) he is not presently engaged in gainful employment; 2) he suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in

20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) he did not have the "residual functional capacity" (RFC) to perform past work. *Jones v. Comm'r of Soc. Security*, 336 F.3d 469, 272 (6th Cir. 2003).

If the Plaintiff satisfies his burden, the burden shifts to the Commissioner for the fifth factor: to show that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§ 404. 1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of vocational expert testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

### A.   PLAINTIFF'S CLAIM

Plaintiff seeks disability benefits from July 30, 2002, when she became unable to work as a general production laborer for a plastics company, due to severe back pain that radiated down her legs, caused by severe disc disease with radiculopathy of the lumbar region. The back pain prevents Plaintiff from sitting, standing, or walking for prolonged periods and prevents Plaintiff from repetitive stooping, squatting, kneeling, bending, twisting, climbing or carrying over ten pounds. Plaintiff needs assistance performing most household chores. Lying down several times a day for one to three hours helps to alleviate the pain. Physical therapy, epidural blocks, and pain medication also help to reduce Plaintiff's pain.

### B.   MAGISTRATE'S RECOMMENDATION

The Magistrate found that substantial medical evidence existed to support the Commissioners conclusion that Plaintiff retained the residual functional capacity to perform sedentary work, including her past work as a collections telemarketer. The Magistrate stated that the medical evidence failed to support Plaintiff's allegations of severe and disabling back pain. Plaintiff's medical record discloses that Plaintiff was diagnosed with herniated lumbar disk in July 2001, but that epidural blocks relieved 95 percent of the symptoms. Plaintiff returned to her past medium level work as a production laborer without restrictions. Subsequent treatment was required, but produced good results. Plaintiff officially left her job on August 1, 2002, and sought treatment for depression. Based on this evidence, the Magistrate found that the ALJ reasonably concluded that Plaintiff's inability to work as a production laborer did not establish that she was unable to perform her less demanding past work as a collections telemarketer.

The Magistrate rejected the Plaintiff's argument that Dr. Seo described her as totally disabled on reports he sent to Plaintiff's former employer. The Magistrate stated that the opinion of a treating physician is entitled to deference, only if his clinical findings are uncontradicted by substantial medical or other evidence, and the opinion is based on detailed, clinical, diagnostic evidence. Dr. Seo offered little evidence to support his conclusion of disability. The Magistrate also points to the VE's testimony that the Plaintiff could return to her past sedentary job as a collections telemarketer.

The Magistrate acknowledges that some evidence points to a conclusion the Plaintiff is totally disabled. However, he gives deference to the ALJ's findings because the ALJ was the only one who had the opportunity to observe the witnesses, including

the Plaintiff.

  C. **PLAINTIFF'S OBJECTIONS**

  Plaintiff contends that the Commissioner's decision to deny Social Security benefits was not within the range of discretion. First, the Plaintiff argues that no substantial evidence supported a conclusion that she retained the residual function capacity to perform sedentary work.  Plaintiff points to her own testimony concerning the severity of her pain and her need to lie down several times daily to alleviate the pain. Plaintiff also points to the VE's testimony that Plaintiff would be unable to work if she needed to lie down several times throughout the day.  Plaintiff's treating physician described her as totally disabled, and stated that Plaintiff "mostly lies down" to alleviate her pain.

  Second,  Plaintiff contends that under 20 C.F.R. Section 404.1527(d)(2) the ALJ must give a treating physician's opinion controlling weight if 1) it is well supported by medically acceptable clinical and laboratory diagnostic techniques, and 2) it is not inconsistent with the other substantial evidence of record.  Plaintiff submits that Dr. Seo's assessments and opinions were supported by medical signs, clinical findings, and laboratory diagnostic tests, and objects to the Magistrate's finding that the assessments of Dr. Seo were not adequately supported and, therefore, not entitled to deference.[1]

---

[1] The record contains EMG studies performed on 7/3/01 which confirm radiculopathy. MRI studies (8/5/01) demonstrated a loss of normal signal intensity at L3-4 and L5-S1/ There was narrowing of the L4-5 and L5-S1 disc spaces due to degenerative disc disease. There was acquired spinal stenosis at L3-4 secondary to spondylitic bulging disc material and facet hypertrophy, There was severe spinal stenosis at L4-5, secondary to spondylitic bulging disc material. There was acquired spinal stenosis at L5-S1 and a herniated disc resulting in significant mass effect on the existing S1 nerve root. Doctor Seo's notes also contain many observations, including

Third, Plaintiff contends that pain need not be proven through objective evidence. Plaintiff cites *Duncan v. Secretary of HHS*, 801 F.2d 847 (6th Cir. 1986), which sets forth a standard that requires objective evidence of the medical condition that is causing the pain, not of the pain itself.[2]  Plaintiff also sites *Rainey v. Commissioner,* 2000 WL 1529798 at 4-5 (6th Cir. 2000), where the court noted that claimant's subjective allegations of pain are deemed credible as the result of an underlying medical condition if "of such a severity that it can reasonably be expected to produce the alleged disabling pain."[3]

### D.   DEFENDANT'S RESPONSE

Defendant did not file a response.

## V.  ANALYSIS

There is evidence to support the ALJ's decision. The ALJ states in his findings

---

muscle spasms, decreased reflexes, and records of the patient's complaints of pain, all of which Plaintiff says supports her claim that her pain is so severe that it limits her performance.

[2] *Duncan* has been superceded by *Brown v. Bowen*, 836 F.2d 549 (6th Cri. 1987) but the standard remains essentially the same.  Both cases state the Social Security Disability Benefits Reform Act of 1984 established a two-prong test for evaluating subjective complaints of disabling pain. First, the court examines whether there is objective medical evidence of an underlying medical condition. If there is the court then examines: 1) whether the objective medical evidence confirms the severity of the alleged pain arising from the condition; or 2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain.

[3] The Plaintiff also cites *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987) where the court notes degenerative disc disease could reasonably be expected to produce the Plaintiff's alleged pain.

that Plaintiff's testimony regarding the extent of her pain was not supported by credible medical evidence. While there was in fact credible medical evidence to support the Plaintiff's testimony, there was also evidence supporting the ALJ's decision that the Plaintiff retained the residual functional capacity to perform sedentary work. The ALJ states that the doctor reported the Plaintiff was "doing very well" and had only moderate tenderness of the lumbar spine. The Magistrate also gives great weight to the reported success of the Plaintiff's treatments.  Epidural blocks alleviated 95 percent of her pain, and pain medication greatly reduced Plaintiff's pain. The doctors gave the Plaintiff advice on using body mechanics to protect her back while doing housework. It is also true that a surgeon the Plaintiff was referred to, stated that her condition did not require surgery at this time. Based on the above and the applicable standard of review, the ALJ's decision must be upheld because the Commissioner's determination is supported by substantial evidence.

  Another factor that supports the ALJ's decision is the inconsistency within Dr. Seo's notes.  The doctor states in some places that the Plaintiff is totally incapacitated, but also states she may return to her job as a general laborer, to "give it a try." For this reason, the ALJ could rightfully decline to give the Doctor's opinion controlling weight.

  The VE indicated that a person such as Plaintiff who had to lie down for one to three hours multiple times throughout the work day would not be employable. The VE found that there were sedentary jobs, including collections telemarketer, that Plaintiff could perform when the need to lie down was removed from the hypothetical. "It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to only incorporate those limitations accepted as credible by the fact finder."

*Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). However, in order for the ALJ to rely upon a VE's response to a hypothetical, it must accurately portray the claimant's impairments. *Varley v. Secretary*, 829 F.2d 777, 779 (6th Cir. 1987). Here, the ALJ relied on the hypothetical he posed, and it was reasonable for the ALJ to find the Plaintiff did not need to lay down everyday.[4]

This is a difficult case.  The inconsistent medical evidence is, in most instances, resolved by the ALJ in favor of the Defendant. The ALJ also appears to arbitrarily discredit some of the medical evidence that supports Plaintiff's allegations of pain, including the diagnosis of degenerative disc disease, spinal stenosis, a herniated disc, spondylytic bulging disc material and facet hypertrophy.

Another factor making this a difficult case is the weight the ALJ gives to the doctor's reports of improvement. While the doctor does say on several occasions that the Plaintiff has improved, or is doing well, these statements always follow a visit where the Plaintiff was in extreme pain. This makes the reports that the Plaintiff was doing "very well" a question of relativity.[5]

As the Magistrate Judge did, this Court acknowledges that some evidence points to a conclusion that Plaintiff is totally disabled. She arouses much sympathy.  However, substantial evidence exists to support the ALJ's conclusion, even though this Court may

---

[4]There were times when the doctor notes indicate the Plaintiff would mostly lay down, but there were not many such occasions, and treatment was successful. Tr. at 192.

[5]In fact, the doctor says, "[g]ood relief of the symptoms, but far from being satisfactory." Tr. 136.  Consideration of these factors, however, would involve  weighing the evidence and determining credibility, which is not permitted when reviewing this decision.

have decided differently. And, the ALJ was the only one who had the opportunity to observe the witnesses.

## VI.  CONCLUSION

This Court **ADOPTS** the Magistrate's recommendation. Summary judgment is **GRANTED** for Defendant and **DENIED** for Plaintiff.

**IT IS SO ORDERED.**


s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  July 20, 2005

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 20, 2005.<br><br>s/Linda Vertriest<br>Deputy Clerk |